# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-22-00284-CV
---

**John Joseph Pesce, Appellant**

**v.**

**Robyn Darcy Pesce, Appellee**

---
### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-002379, THE HONORABLE JAMES E. MORGAN, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellant John Joseph Pesce filed a petition for permissive appeal or alternatively, a request for mandamus relief, challenging the district court's order denying his two partial motions for summary judgment and an amended plea to the jurisdiction in a post-divorce suit filed by his former spouse, Robyn Darcy Pesce. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d); Tex. R. App. P. 28.3. John contends that the district court lacks jurisdiction over Robyn's claims for breach of contract, breach of fiduciary duty, fraud, and fraud by nondisclosure because her claims constitute an impermissible collateral attack on the parties' 2014 Agreed Final Decree of Divorce. We disagree and will deny the petition for permissive appeal and the request for mandamus relief.

In the months before their divorce, John and Robyn entered into a series of agreements: a Mediated Settlement Agreement, a Property Settlement and Redemption Agreement, and a Partition Agreement Incident to Divorce. Rather than attaching values to the marital estate, the parties' divorce documents provided for a 50/50 division. Relevant here, the Partition Agreement stated that Robyn would receive 50% of John's individual partnership interest in TCG Group Holdings, LLP (TCG). John acknowledges this TCG interest as the parties' "most valuable asset."

The Partition Agreement included John's representations and warranties that he had made full disclosure of the marital assets to Robyn (and vice versa) and stated that the court would make a just-and-right division of any undivided assets:

> ROBYN DARCY PESCE and JOHN JOSEPH PESCE each warrant to the other that the property described herein represents all of the property in which they have any right, title, and interest . . . . All property other than property listed in this Partition Agreement Incident to Divorce, which property if later determined to be in the possession of or under the control of ROBYN DARCY PESCE or JOHN JOSEPH PESCE will be divided by the Court in a manner that is just and right in accordance with the Texas Family Code. The party in possession or control of such property is designated as the constructive trustee of the property for the benefit of the other party, to the extent the other party has an interest in such undivided property.

Additionally, the Partition Agreement specified that the parties did not release each other from claims that they might possess or come to possess by virtue of the Partition Agreement or the final divorce decree.

The final divorce decree approved the Partition Agreement, ordered compliance with it, and noted its enforceability as a contract:

> This Agreed Final Decree of Divorce and the parties' Partition Agreement Incident to Divorce is stipulated to represent a merger of the parties' Mediated Settlement Agreement . . . .  To the extent there exist any differences between the Mediated Settlement Agreement and this Agreed Final Decree of Divorce, this Agreed Final Decree of Divorce shall control in all instances.  If there is any conflict between the terms of this Agreed Final Decree of Divorce and the parties' Partition Agreement Incident to Divorce, the provisions set out in this Agreed Final Decree of Divorce shall control.
>
> . . . .
>
> Having been advised that the parties have reached an agreement on all issues in dispute, the Court takes judicial notice of the substance of the parties' agreement as set forth in this Agreed Final Decree of Divorce, the Partition Agreement Incident to Divorce and the transfer documents attached thereto, and approves those documents both in form and in substance and renders this Agreed Final Decree of Divorce as the formal Order of this Court.  Each party is ORDERED specifically to comply with the terms and provisions of the Partition Agreement Incident to Divorce.
>
> The Court further finds that, to the extent permitted by law, the parties stipulate that the Partition Agreement Incident to Divorce approved in this Agreed Final Decree of Divorce is enforceable as a contract, and in enforcing the provisions of the Partition Agreement Incident to Divorce, the parties shall have all the remedies available for enforcement of a judgment.  To the extent permitted by law, the parties stipulate this Agreed Final Decree of Divorce and the parties' Partition Agreement Incident to Divorce are enforceable as a contract.  Each party is ORDERED to comply with the terms and provisions of the Partition Agreement Incident to Divorce as a final judgment of this Court.

Robyn thereafter brought breach-of-contract, breach-of-fiduciary duty, fraud, and fraud-by-nondisclosure claims against John concerning his agreement to provide full disclosure

about the parties' marital assets.[1] She contends that John falsely represented his interest in TCG was just over 30%, resulting in her receipt of 15% of that asset as her half interest. According to her post-divorce investigation, John had a 50% interest in TCG, and his concealment of that information resulted in a 20% interest in TCG that remained undivided.

John resisted discovery and filed two motions for partial summary judgment and an amended plea to the jurisdiction, contending that the district court lacked jurisdiction to consider Robyn's "collateral attack" on the final divorce decree.[2] The district court denied John's summary-judgment motions and amended plea but granted his request for permissive interlocutory appeal on the controlling question of law of "whether claims in Robyn Pesce's Second Amended Petition constitute an impermissible collateral attack on the parties' Agreed Final Decree of Divorce, dated October 14, 2014, or are impermissible in light of the settlement agreements leading up to or incorporated into the parties' Agreed Final Decree of Divorce."

---

[1] John states that Robyn surrendered claims for breach of fiduciary duty in the Partition Agreement. Although "adverse parties who have retained professional counsel, including husbands and wives in a suit for divorce, do not owe fiduciary duties to one another," "a duty to speak still exists when the parties to a mediated settlement agreement have represented to one another that they have each disclosed the marital property known to them." *Smalley v. Smalley*, No. 09-11-00261-CV, 2012 Tex. App. LEXIS 3248, at *5-6 (Tex. App.—Beaumont Apr. 26, 2012, no pet.) (mem. op.) (citing *Boyd v. Boyd*, 67 S.W.3d 398, 405 (Tex. App.—Fort Worth 2002, no pet.) (noting that one who voluntarily discloses information has duty to disclose whole truth rather than making partial disclosure that conveys false impression).

[2] The district court's order states that it considered John's "(1) Amended Plea to the Jurisdiction Regarding Every Asset Itemized, Described, or Even Mentioned in the Parties' Divorce Settlement Agreements, (2) Motion for Partial Summary Judgment that the Parties' Prior Final Judgment Bars All Ownership Claims Regarding TCG Group Holdings, LLP, and (3) Motion for Partial Summary Judgment that Plaintiff Contractually Relinquished Any and All Claims to TCG Group Holdings, LLP." John did not provide copies of his summary-judgment motions or any record of a hearing on the plea to the jurisdiction.

Under Subsection 51.014(d) of the Civil Practice and Remedies Code, a petitioner may seek a permissive appeal from a court of appeals if there exists a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. Tex. Civ. Prac. & Rem. Code § 51.014(d).[3] John contends that Robyn's claims seek to relitigate the property division in the final divorce decree and that "prohibiting collateral attacks on a final judgment involves a controlling question of law." *See Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011) (noting that "[a] judgment finalizing a divorce decree and dividing marital property bars relitigation of the property division"); *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009) (noting that trial courts may enter orders of enforcement and clarification to enforce or more precisely specify decree's property division but "[a]ttempting to obtain an order that alters or modifies a divorce decree's property division is an impermissible collateral attack").

However, the limited record reflects that Robyn's claims do not attempt to relitigate the 50/50 property division in the final divorce decree. The claims allege that John failed to abide by his representations and warranties in the divorce documents that he had made full disclosure of the marital assets to Robyn. Robyn's claims do not seek to *alter* the substantive provision of the final divorce decree awarding her 50% of John's individual partnership interest in TCG, but to *effectuate* that provision as to the undivided portion of the "most valuable asset" in the marital estate. *See, e.g.*, *Hagen*, 282 S.W.2d 905 (concluding that

---

[3] The statute authorizing a permissive interlocutory appeal "does not apply to an action brought under the Family Code." Tex. Civ. Prac. & Rem. Code § 51.014(d-1). But because Robyn's pleadings state that "her claims arise under the contractual right to enforce the Partition Agreement, not under the Family Code," the limitation in subsection (d-1) does not apply. *See S.C. v. M.B.*, No. 20-0552, 2022 Tex. LEXIS 538, at *5 (Tex. June 17, 2022) (making similar distinction as to post-divorce partition action brought under section 23.001 of Property Code).

5

spouse's claim did not attempt to attack, change, or alter divorce decree but sought "enforcement according to its literal language"); *Gomez v. Gomez*, 632 S.W.3d 4, 9 (Tex. App.—El Paso 2020, no pet.) (rejecting ex-husband's mischaracterization of his ex-wife's enforcement action as attempt to alter original property division).

After careful review of the petition and the limited record provided, we conclude that John did not establish the statutory requirements for a permissive appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d). Accordingly, we deny John's petition for permissive appeal. John's alternative request for mandamus relief is presented without a mandamus record. *See* Tex. R. App. P. 52.7(a). Therefore, his alternative request for mandamus relief is denied.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Filed: August 31, 2022